**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANNA GANGSTEE, | No. 12-15287 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01004-KJM-GGH |
| and | |
| JORDAN CHAMBERS, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| COUNTY OF SACRAMENTO; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted December 2, 2013
San Francisco, California

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Deanna Gangstee and Jordan Chambers appeal the district court's grant of summary judgment to the County of Sacramento, Sheriff John McGinness, and Deputy Stephen LeCouve on their 42 U.S.C. § 1983 Fourth Amendment unreasonable seizure and related federal claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court determined that, upon intentional deployment of a canine, the canine's handler is constitutionally responsible for *any* unreasonable seizure the canine makes. We do not agree with the district court's reasoning. A violation of the Fourth Amendment on the basis of an unreasonable seizure "requires an intentional acquisition of physical control." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989). The victim must be the "object of the detention." *Id.* Here, there is no evidence, nor contention, that LeCouve intentionally deployed his canine in an effort to seize Gangstee. We are therefore bound by *Brower*, and affirm on that basis. In light of this determination, we need not reach the district court's ruling that there was no genuine issue of material fact as to whether LeCouve intentionally released the canine.

2.      Our decision on Gangstee's Fourth Amendment unreasonable seizure claim is fatal to Gangstee's additional § 1983 claims for *Monell* liability.

**AFFIRMED.**